UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PAUL MAGEE,         ) | |
| ) | |
| Petitioner    ) | |
| ) | |
| vs.          ) | CAUSE NO. 3:04-CV-404RM |
| ) | Arising from 3:01-CR- 50(02)RM |
| ) | |
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Respondent    ) | |

OPINION and ORDER

A grand jury returned a six-count indictment against Paul Magee for bank robbery and aggravated bank robbery based on his alleged participation in three armed robberies at two federal credit unions in Northern Indiana on February 9, March 16, and April 27, 2001. Two co-defendants, Dion Freeman and Charles Spires, were indicted along with Mr. Magee as to four of those six counts. Mr. Freeman was indicted for the February 9 and April 27 robberies (counts 1, 2, 5, and 6), and Mr. Spires was indicted for the February 9 and March 16 robberies (counts 1-4). Mr. Freeman and Mr. Spires pleaded guilty and testified against Mr. Magee at trial.

In December 2001, a jury found Paul Magee guilty of the February 9 and April 27 robberies; the jury acquitted Mr. Magee of a March 16 robbery. The court denied Mr. Magee's post-trial motion for a new trial, and the court of appeals affirmed in an unpublished order. United States v. Magee, 66 Fed. Appx. 71, 2003 WL 21265197 (7th Cir. May 23, 2003).  In June 2004, Mr. Magee petitioned the court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2255, and the

government filed its written response in opposition. His habeas petition asserted ten reasons why his conviction was improper. Mr. Magee based nine of these ten reasons on his view that his trial counsel, Michael Rehak, provided him with ineffective assistance in violation of his Sixth Amendment rights. His final argument was that he was actually innocent of the crimes, and that he at least deserves a new trial in light of three affidavits that contradict some of the testimony of a key government witness. The court resolved all but one of Mr. Magee's claims without a hearing: claims 1, 3, 5-8 and 10 were denied in the court's July 11, 2005 order, and claims 4 and 9 were denied, without objection, on November 11, 2005 pursuant to the government's oral motion. The court conducted an evidentiary hearing on his remaining claim (claim 2), and ultimately denied the claim in a December 20, 2006 order.

Mr. Magee's appointed counsel filed a notice of appeal as to the December 20 order denying his remaining claim of ineffective assistance of counsel, so the court "must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1). Mr. Magee hasn't filed a separate motion, so the court treats his notice of appeal as a request for a certificate of appealability as to the only constitutional issue addressed in that order: whether Mr. Magee's trial counsel rendered ineffective assistance of counsel in violation of the Sixth Amendment by deciding not to seek out, interview, and call certain known defense witnesses. See West v. Schneiter, --- F.3d ----, 2007 WL 1297105 *1 (7th Cir. May 4, 2007).

Issuance of a certificate of appealability requires the court to find that Mr. Magee has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Although a certificate of appealability "does not require a showing that the appeal will succeed[,]" it does require "something more than the absence of frivolity or the existence of mere good faith" on behalf of the petitioner. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). That means Mr. Magee must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). "But a petitioner who relies on his notice of appeal is hard put to meet the statutory standard . . ." since "[a] notice of appeal does not give reasons, and a silent document rarely constitutes a 'substantial showing' of anything." West v. Schneiter, 2007 WL 1297105 *1.

Mr. Magee argued at his evidentiary hearing that Mr. Rehak should have called Aaron Young and Chapeaka Mack to testify, but nothing in the record before the court indicates what Mr. Young might have said, so the court cannot say a reasonable jurist could debate whether Mr. Rehak's decision not to interview or call Mr. Young amounts to ineffective assistance of counsel. U.S. ex rel. Cross v. DeRobertis, 811 F.2d 1008, 1016 (7th Cir. 1987). Mr. Mack's statement to police gave Mr. Rehak reason to believe Mr. Mack would implicate Mr. Magee in the robberies (Mr. Mack's testimony at the evidentiary hearing confirmed this),

3

and nothing in the record suggests Mr. Rehak had any idea before trial that Mr. Mack would change his story as to provide even the modest impeachment of Mr. Freeman, so no reasonable jurist could debate whether Mr. Rehak's decision not to interview or call Mr. Mack fell below the level of professional competent assistance or that Mr. Magee suffered any prejudice. Id.

As for the remaining witnesses, Mr. Rehak had reason to believe they might give testimony that could benefit Mr. Magee. Still, these individuals appear to have been able only to testify as to the uncharged shooting of Mr. Freeman, so court found that counsel's decision not to interview and call them as witnesses didn't fall "outside the wide range of professional competent assistance . . . ." Taylor v. Bradley, 448 F.3d 94, 949 (7th Cir. 2006). Reasonable jurists might differ as to whether Mr. Rehak was ineffective in his decisions not to call these potentially beneficial witnesses. *See, e.g.,* Badelle v. Correll, 452 F.3d 648, 652 (7th Cir. 2006) (granting petitioner's certificate of appealability as to whether trial counsel was ineffective in failing to investigate and present the testimony of certain defense witnesses). The court therefore certifies Mr. Magee's appeal on the following issue: whether Mr. Magee's trial counsel was ineffective in violation of the Sixth Amendment by not interviewing or calling Dennis Ryan, Clarence Pointer, and Tabitha Isbell as witnesses at trial.

SO ORDERED.

Entered:   June 6, 2007

4

                                                /s/ Robert L. Miller, Jr.
                                          Chief Judge
                                          United States District Court